UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:17-cr-451-T-36SPF

ANTHONY EDWARDS
_____/

## REPORT AND RECOMMENDATION

Before the Court is defendant Anthony Edward's ("Defendant") Motion to Withdraw Guilty Plea and Memorandum of Law ("Motion") (Doc. 158). For the reasons that follow, it is recommended that Defendant's Motion be denied.[1]

## BACKGROUND

On January 10, 2019, more than seventeen months ago, Defendant pleaded guilty to Count One and Count Six of the Superseding Indictment. (Doc. 88). Prior to the plea and after being fully advised by the Court, Defendant confirmed he understood his rights, the rights he would waive by pleading guilty, the charges, the potential penalties, the potential consequences, the sentencing guidelines and his plea agreement. (Doc. 89, audio transcript of Jan. 10, 2019 Change of Plea Hearing beginning at 25:00). The facts that

---

[1] Defendant did not request an evidentiary hearing on the Motion. Even if he made such a request, the Court finds a hearing unnecessary because Rule 11 inquires at the change of plea hearing were sufficient to demonstrate the validity of the pea. *See United States v. Luczak*, 370 F. App'x 3, 5 (11th Cir. 2010); *see also United States v. Chicago*, 711 F. App'x 512, 517 (11th Cir. 2017) ("The court is entitled to rely on the statements Defendant made during his change of plea hearing, however, and based on the extensive inquiries made by the court then, the court was not required to conduct a more extensive hearing on the matter before denying Defendant's motion.")

were admitted by Defendant established a factual basis for his guilty plea.  (*Id.* beginning at 24:16).  Defendant confirmed under oath that he pleaded guilty because he was, in fact, guilty. (*Id.* beginning at 25:42).  As a result, the undersigned issued a report and recommendation that the plea of guilty be accepted and that the Defendant be adjudged guilty. (Doc. 92).  Defendant did not object to the report and recommendation.  On April 10, 2019, the District Judge accepted Defendant's plea and adjudged him guilty as to Count One and Count Six. (Doc. 94).

On June 1, 2020, Defendant filed the instant Motion. (Doc. 158).  Defendant seeks to withdraw his guilty pleas because he feels that he did not adequately understand the penalties he would face and the ramifications of the appellate waiver in the plea agreement. (*Id.* at 2).  As a result, Mr. Edwards does not believe his plea was knowing and voluntary. (*Id.*).

## DISCUSSION

A defendant has no absolute right to withdraw a guilty plea.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Rather, a defendant seeking to withdraw a guilty plea after its acceptance, but prior to sentencing, must demonstrate a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B).  "A defendant-movant clearly has the burden on a motion to withdraw a guilty plea."  *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006).

In determining whether a defendant met his burden of showing a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of circumstances surrounding the plea, including whether: (1) the close assistance of counsel

2

was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his guilty plea. *See United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). A defendant's failure to satisfy the first two factors of the *Buckles* analysis renders the remaining factors unnecessary. *See United States v. Gonzalez–Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (affirming a district court's denial of a motion to withdraw a guilty plea based on the first two factors but declining to give "considerable weight" to the third factor or "particular attention to the possibility of prejudice to the government"). When considering the totality of the circumstances, statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness. *See Medlock*, 12 F.3d at 187. Therefore, a defendant bears "a heavy burden" to show that his statements under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

## I.    TOTALITY OF THE CIRCUMSTANCES

Under the totality of the circumstances, Defendant failed to show a fair and just reason to withdraw his guilty plea. In addition to the specific *Buckles* factors addressed below, the Court notes that Defendant does not deny that he is guilty of the crimes to which he pleaded guilty. Indeed, at the plea hearing, Defendant testified under oath that he was pleading guilty because he was, in fact, guilty. (Doc. 89 beginning at beginning at 25:42). Moreover, Defendant does not assert that his plea was involuntary, the result of coercion, or made without the close assistance of counsel. In similar circumstances the Eleventh Circuit has found no abuse of discretion in denying a defendant's motion to withdraw a guilty plea. *See e.g Medlock*, 12 F.3d at 187 (finding no abuse of discretion

3

where the defendant "does not assert that his plea was involuntarily entered or was coerced. He does not allege ineffective assistance of counsel.  He does not even deny guilt.").

Moreover, while a defendant may move to withdraw his guilty plea at any time prior to being sentenced, "the longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation omitted).  The delay in this case of over seventeen months does not suggest a swift change of heart indicating haste and confusion in entering the guilty plea. *See Gonzalez-Mercado*, 808 F.2d at 801 (noting that there was no "swift change" when a guilty plea was entered, and defendant moved to withdraw it 27 days later).  Under the circumstances, Defendant has not stated a fair and just reason for withdrawing his guilty plea.

## II.     SPECIFIC *BUCKLES* FACTORS

The specific *Buckles* factors support the denial of Defendant's Motion.  As shown below, Defendant had the close assistance of counsel, his plea was knowing and voluntary, judicial resources would be conserved by denying the motion, and the United States would be prejudiced if Defendant were allowed to withdraw his guilty plea.

### A. Close Assistance of Counsel

In determining whether close assistance of counsel was available throughout the plea proceedings, courts assess "whether counsel was available and utilized, as well as whether counsel performed adequately." *United States v. Wiggins*, 666 F. App'x 850, 855 (11th Cir. 2016).  Defendant was represented by counsel at the change of plea hearing and

4

during plea negotiations.  He does not allege that he lacked the close assistance of counsel. To the contrary, Defendant testified under oath that he was fully satisfied with the advice and representation he received from his counsel, (Doc. 89 beginning at 4:20), which supports a finding that he entered his guilty plea with the close assistance of counsel. *See United States v. Chicago*, 711 F. App'x 512, 515-16 (11th Cir. 2017) ("Given Defendant's affirmative responses that he received assistance from counsel and was satisfied with that assistance, the district court did not abuse its discretion by concluding that Defendant had entered his guilty plea with the 'close assistance of counsel.'").

Moreover, Defendant acknowledged that he had the opportunity to review all the facts and evidence in this case with his attorney.  (Doc. 89 beginning at 4:05).  He testified that he discussed all his options in this case with his attorney, including his option to take his case to trial.  (*Id.* beginning at 4:11). Defendant confirmed that he reviewed the plea agreement with his attorney and that she answered any questions that he had about the plea agreement before he signed it. (*Id.* beginning at 14:13).

Based on the record before it and the Court's own observations, the Court finds that Defendant's attorney ably and effectively represented him throughout the plea process.  *See United States v. Freixas*, 332 F.3d 1314, 1318–19 (11th Cir. 2003) (deferring to the district court's finding "that retained counsel's performance was in no sense deficient").

## B.  Knowing and Voluntary Plea

To determine whether a guilty plea is knowing and voluntary, a court must address whether: "(1) the guilty plea must be free from coercion; (2) the defendant must

understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Chicago*, 711 F. App'x at 516 (quoting *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000)).   A court is entitled to rely on a defendant's statements during the plea hearing to determine whether these "three core concerns" are met.  *Id.*; s*ee Medlock*, 12 F.3d at 187. With respect to coercion, Defendant testified under oath that no one threatened, forced, coerced, or intimidated him in any way to get him to plead guilty.  (Doc. 89 beginning at 25:45).

After being fully advised by the Court, Defendant confirmed that he understood his rights, the rights he would be giving up by pleading guilty, the charges against him, the potential penalties, the potential consequences, the sentencing guidelines, and his plea agreement. (*Id.* beginning at 25:00).   The Court specifically advised Defendant regarding his sentence appeal waiver (*Id*. beginning at 21:48).   Defendant confirmed under oath that he understood what he was giving up and that he was making the waiver freely and voluntarily.  (*Id.* beginning at 22:44).   The Court also specifically advised Defendant as to the minimum and maximum penalties (*Id.* beginning at 9:57).   The Court then asked Defendant whether he had any questions to which Defendant responded: "No, I do not." (*Id*. beginning at 12:11).

Defendant further confirmed that understood a plea of guilty admits the truth of the charges in the Indictment. (*Id.* beginning at 6:12).   Defendant testified that he understood his rights and the rights he would be waiving by pleading guilty, (*Id.* beginning at 6:44), as well as the consequences of pleading guilty (*Id.* beginning at 7:24).  As a result, Defendant's plea was knowing and voluntary.

6

### C. Judicial Resources

Judicial resources would not be conserved by allowing Defendant to withdraw his guilty plea. To the contrary, the time the Court spent on the Rule 11 change of plea hearing would be wasted. Moreover, the withdraw of Defendant's guilty plea would result in a trial. "Thus, accepting the motion would consume greater judicial resources." *Chicago*, 711 F. App'x at 516. As a result, this factor weighs against permitting Defendant to withdraw his guilty plea.

### D. Prejudice to the United States

While not a major factor in the Court's recommendation, the United States would be prejudiced by allowing Defendant to withdraw his guilty plea at this late juncture. While the United States makes little effort to establish this factor, it does note that "[t]o spring a trial on the parties at the eleventh hour would deprive the United States of the benefits of the bargain it struck with the Defendant and would undermine the finality of the plea that all relied upon." (Doc. 162 at 4). Therefore, prejudice to the United States weighs against granting Defendant's Motion. Accordingly, it is hereby

**RECOMMENDED**: Defendant Anthony Edward's Motion to Withdraw Guilty Plea and Memorandum of Law (Doc. 158) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on this 30th day of June 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

7

**<u>NOTICE TO PARTIES</u>**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


cc:     Hon. Charlene Honeywell