UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No.: 8:17-cr-451-T-36SPF

ANTHONY EDWARDS

_____/

**O R D E R**

This cause comes before the Court upon the Report and Recommendation (Doc. 163), issued by Magistrate Judge Sean P. Flynn. In the Report and Recommendation, Magistrate Judge Flynn recommends Defendant Anthony Edwards' Motion to Withdraw Guilty Plea (Doc. 158) be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). On July 14, 2020, Defendant filed Objections to the Report and Recommendation. Doc. 164. Upon consideration of the Report and Recommendation, the Objections, and upon this Court's independent examination of the file, it is determined that the Objections should be overruled, the Report and Recommendation adopted, and the Defendant's Motion to Withdraw Guilty Plea denied.

**I.     BACKGROUND**

On September 2017, a grand jury returned an eight-count indictment, charging Defendant Anthony Edwards in six of the counts. Doc. 1. At hearings held in June and August 2018, the Court granted Defendant's oral motions for continuance of trial. Docs. 19–21, 36–39. A Superseding Indictment was returned in open court on September 11, 2018, charging Defendant with conspiring to distribute and possess controlled substances in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Counts Two and Three); possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1)(D) (Count Four); carrying a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Six); and possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), having been previously convicted of multiple felonies (Count Eight). Doc. 40.

Defendant orally requested continuances of his trial, which were again granted in October and November 2018. Docs. 53–66. At a status conference held December 18, 2018, the Court granted Defendant's oral motion to extend plea deadline. Docs. 78–80. On January 9, 2019, Defendant signed a Plea Agreement pleading guilty to Counts One (conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846) and Six (possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)) of the Superseding Indictment. Doc. 87. A Rule 11 change of plea hearing was held before Magistrate Judge Flynn on January 10, 2019, in which Defendant announced his guilty plea in open court. Thereafter, Magistrate Judge Flynn issued a report and recommendation recommending that the Defendant's plea of guilty be accepted as the Magistrate Judge determined that Defendant's guilty plea was made knowing and voluntary. Doc. 92. No objections were filed to the report and recommendation, and thereafter the undersigned accepted the Defendant's guilty plea on January 29, 2019. Doc. 94. Defendant was scheduled to be sentenced on April 10, 2019. *Id.*

On March 22, 2019, the Court granted Defendant's unopposed motion to continue the sentencing. Docs. 108, 109. On February 24, 2020, the Court granted Defendant's second motion to continue sentencing. Doc. 154. On April 14, 2020, the Court issued a notice rescheduling the sentencing to June 29, 2020. Doc. 157. On June 11, 2020, Defendant filed his motion to withdraw guilty plea. Doc. 158.

The motion states Defendant "has expressed a desire to withdraw his pleas of guilty." *Id.* at 2. He claims his plea was not knowing and voluntary because he feels he did not adequately understand the penalties he would face and the ramifications of appellate waiver. *Id.* Defendant

submits that the Government is not prejudiced by the withdrawal of his guilty plea because the Government may still prosecute him, and expenditure of judicial resources remains the same as if he had not pleaded guilty. *Id.* at 4.

The Government opposes withdrawal of the guilty plea, arguing Defendant fails to establish a fair and just reason for withdrawing his plea. Doc. 162. The Government urges that granting his motion at this late date is prejudicial and a waste of judicial resources. *Id.* at 2. The Government points out that Defendant has been represented by the Federal Defender from the start of the case, who was present at the plea hearing during which Defendant represented his plea was knowing and voluntary. *Id.* at 3.

The Magistrate Judge issued a report and recommendation on June 30, 2020, in which he recommended that Defendant's motion to withdraw guilty plea be denied. Doc. 163. The Magistrate Judge notes that at the change of plea hearing, the Defendant confirmed he understood his rights, the rights he would waive by pleading guilty, the charges, the potential penalties, the potential consequences, the sentencing guidelines, and his plea agreement. *Id.* at 1. Defendant confirmed, under oath, that he was pleading guilty because he was guilty. Based on Defendant's representation, it was recommended that his guilty plea be accepted. This recommendation was never objected to or challenged by Defendant.

Considering the totality of the circumstances, the Magistrate Judge found that the Defendant has failed to show a fair and just reason to withdraw his guilty plea. Analyzing the *Buckles*[1] factors, the Magistrate Judge determined that Defendant was closely represented by counsel at the change of plea hearing and during plea negotiations. Further, Defendant did not contend he lacked close assistance of counsel. *Id.* at 4–5. Next, the Magistrate Judge considered Defendant's statements at the plea hearing and found that Defendant was not threatened, forced,

---

[1] *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988).

coerced, or intimidated into entering into the plea. The Magistrate Judge therefore concluded Defendant's guilty plea was knowing and voluntary.

Defendant filed timely objections (Doc. 164) to the report and recommendation. Defendant does not specifically challenge any of the Magistrate Judge's findings, but rather repeats that he did not acutely understand the full ramifications of his plea of guilty nor of the appellate waiver enclosed in the Plea Agreement. He states that after much soul searching over the course of several conversations, Defendant advised his counsel he wants to withdraw his guilty plea.

## II.   LEGAL STANDARD

### A.   Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### B.   Withdrawal of Guilty Plea

A defendant may withdraw a guilty plea before a sentence is imposed if he shows a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). A pre-sentence motion to withdraw is to be liberally construed, but there is no absolute right to have a guilty plea withdrawn. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). The decision to allow withdrawal is left to the sound discretion of the trial court. *Id.* (citing *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.), *cert. denied sub nom. Perna v. United States*, 479 U.S. 823 (1986)).

## III. DISCUSSION

The Magistrate Judge recommended Defendant's motion to withdraw guilty plea be denied. Doc. 163. In his objection to this recommendation, Defendant does not contend the Magistrate Judge erred or applied the wrong standard, but rather he simply reiterates what he already alleged in his motion to withdraw, that is, that he did not fully appreciate the ramifications of his guilty plea. Pursuant to Rule 11(d), a defendant may withdraw a guilty plea after the court accepts a guilty plea, but before it imposes a sentence, if "the defendant can show a fair and just reason for requesting withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has given a fair and just reason for withdrawal, a district court examines the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (quoting *Buckles*, 843 F.2d at 472).[2] Additionally, courts will consider a defendant's admission of factual guilt at the Rule 11 hearing and the timing of the motion to withdraw. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Magistrate Judge Flynn correctly determined that Defendant's motion was insufficient to support a withdrawal of his guilty plea. Considering the *Buckles* factors in the context of the totality of the circumstances, the Court concludes Defendant has failed to provide a just and fair reason for withdrawing his guilty plea. The Magistrate Judge correctly concluded that Defendant had close assistance of counsel throughout the plea negotiations and during the guilty plea hearing.

---

[2] When *Buckles* was decided, withdrawal motions were decided under Rule 32. Though they are now decided under Rule 11, the *Buckles* factors and context are still the framework for analyzing a withdrawal motion. *See, e.g., United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (considering four *Buckles* factors in determining whether defendant shows "fair and just reason" to withdraw guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B)).

Defendant does not argue to the contrary. He admitted at the plea hearing that he was fully satisfied with the advice and representation he received from counsel. Doc. 163 at 5 (citing Doc. 89 beginning at 4:20). Defendant admitted he had the opportunity to review all the facts, evidence, options, and the Plea Agreement with his attorney. *Id.* (citing Doc. 89 at 4:05, 4:11, 14:13). Accordingly, the Magistrate Judge appropriately found that the first *Buckles* factor was satisfied.

The Magistrate Judge also correctly concluded that Defendant's guilty plea was knowing and voluntary. It is clear that Defendant knowingly and voluntarily entered his guilty plea. Under oath at the plea hearing, Defendant acknowledged that he had the opportunity to completely read and review the Plea Agreement with his counsel and that counsel answered any questions that he had about the agreement before he signed it. *Id.* at 5 (citing Doc. 89 beginning at 25:45). Defendant admitted that he understood the charges to which he was pleading guilty and that he was not forced to plead guilty but was pleading guilty of his own free will. *Id.* at 6 (citing Doc. 89 beginning at 14:13). "Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness. *United States v. Bandzul*, 652 F. App'x 860 861 (11th Cir. 2016) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)).

Magistrate Judge Flynn confirmed with Defendant that he understood his rights, the rights he would be giving up by pleading guilty, the charges against him, the potential penalties, the potential consequences, the sentencing guidelines, and his Plea Agreement. *Id.* (citing Doc. 89 beginning at 25:00). Defendant was specifically advised regarding his sentence appeal waiver, and he confirmed under oath that he understood what he was giving up and that he was making the waiver freely and voluntarily. *Id.* (citing Doc. 89 beginning at 21:48). The Magistrate Judge also specifically advised Defendant as to the minimum and maximum penalties, and when asked if he had any questions, the Defendant responded that he did not. *Id.* (citing Doc. 89 beginning at 9:57). Defendant has provided no reason to doubt the veracity of these admissions under oath.

While not as noteworthy as the first two factors, the Magistrate Judge additionally found the final two *Buckles* factors were satisfied. The Eleventh Circuit has held that "judicial resources would not be conserved if [a defendant] were permitted to withdraw his plea because the district court would have to hold a trial, expending judicial resources rather than conserving them." *United States v. Vaclavik*, 646 F. App'x 918, 920 (11th Cir. 2016). Additionally, the Government could be prejudiced by having to reconvene and expend time and resources to locate witnesses and try the case.

Moreover, the timing of Defendant's motion to withdraw weighs in favor of denial. "[T]he time between entry of the plea and motion to withdraw the plea may be indicative of defendant's motivation." *United States v. Gonzalez–Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (citations omitted). An extended period of time between a defendant's guilty plea and his motion to withdraw his guilty plea may call into question the veracity of a defendant's stated motive in filing the motion. *See id.* While a "swift change of heart is itself strong indication that the plea was entered in haste and confusion," *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975) (en banc), *cert. denied*, 421 U.S. 1013 (1975), a prolonged delay, on the other hand, could suggest that defendant withdrew his plea in anticipation of a harsher sanction than that recommended in his plea agreement. *See Gonzalez–Mercado*, 808 F.2d at 801. Here, Defendant waited approximately 17 months after entering his guilty plea in which to seek to withdraw it. Defendant's stated reason for withdrawal that he did not understand the ramifications of his guilty plea is inconsistent with his admissions at the plea hearing. The unexplained lengthy delay in filing the motion to withdraw supports denial.

**IV.   CONCLUSION**

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objections thereto, in conjunction with an independent *de novo* examination of the file,

the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, and the motion to withdraw guilty plea will be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 163) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Defendant's Objections (Doc. 164) are overruled.

(3) Defendant Anthony Edwards' Motion to Withdraw Guilty Plea (Doc. 158) is **DENIED**.

(4) By separate notice, this case will be scheduled for sentencing.

**DONE AND ORDERED** at Tampa, Florida on October 29, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel for the Defendant
United States Attorney
United States Magistrate Judge
United States Probation Office